IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAN CRISTOBAL ACADEMY, INC.,
and DAVID C. JOHNSON,

        Plaintiffs,

vs.                                                                                            CIVIL NO.  10-1152 JH/LFG

TRANSITIONAL LIVING CORPORATION,
TED EARL, JIM HANLEY and STEPHEN
COLE,

        Defendants.

TRANSITIONAL LIVING CORPORATION,
JIM HANLEY and STEPHEN COLE,

        Counter Claimants,

vs.

DAVID C. JOHNSON and SAN CRISTOBAL
ACADEMY, INC.,

        Counter Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL

THIS MATTER is before the Court on "Plaintiffs' Motion to Compel Defendant Ted Earl to Respond to Discovery Requests."  [Doc. 136].  Plaintiffs demonstrate that Defendant Ted Earl ("Earl") was served with Second Requests for Production and First Set of Interrogatories, seeking net worth information in relation to the claims.  Earl had until December 31, 2012 to respond, but failed to do so.  As a result, Plaintiffs filed this Motion to Compel response.  Earl's response to the motion was due on March 1, 2013, but none was filed.

Based on the state of record, the Court determines that Earl violated obligations imposed by the Federal Rules of Civil Procedure by not responding to requested discovery.  Moreover, by not

responding to the motion, Earl consented to grant the motion. D.N.M.LR-Civ. 7.1(b).

The Court determines that the motion is well-taken and it will be granted. Normally, the Court limits requests for evidence concerning a party's net worth to the net worth that currently exists. For punitive damages purposes, a party's net worth from years ago has no relevance in determining the party's ability to pay punitive damages at the time of trial. <u>Pooshs v. Phillip Morris USA, Inc.</u>, --- F.R.D. ----, 2012 WL 6044839, *6 (N.D. Cal. Dec. 5, 2012) (defendant's wealth is to be measured as of the time of the trial on punitive damages) (citation omitted). See also <u>Sanchez v. West Mesa Mobile Homes, Inc., et al.</u>, No. CIV 00-314 M/LFG [Doc. 35, at *9] (D.N.M. Feb. 1, 2001) (unpublished) (a defendant's net worth from past years is not relevant to claim for punitive damages; however, defendant's present net worth is relevant).

Accordingly, even though Earl consented to provide financial information by his failure to object, the Court is nonetheless constrained to follow appropriate discovery law. Therefore, Earl must answer interrogatories and requests for production with net worth documents, limited to the current time. He need not present information or evidence of net worth from years before. Earl shall answer the First Set of Interrogatories and provide responses to the Second Requests for Production within ten days after entry of this order.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge