IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAN CRISTOBAL ACADEMY, INC.,
and DAVID C. JOHNSON,

        Plaintiffs,

vs.                                                      CIVIL NO.  10-1152 KG/LFG

TRANSITIONAL LIVING CORPORATION,
TED EARL, JIM HANLEY and STEPHEN
COLE,

        Defendants.

TRANSITIONAL LIVING CORPORATION,
JIM HANLEY and STEPHEN COLE,

        Counter Claimants,

vs.

DAVID C. JOHNSON and SAN CRISTOBAL
ACADEMY, INC.,

        Counter Defendants.

## **REPORT AND RECOMMENDATION**[1]

THIS MATTER is before the Court on "Plaintiffs' Motion For Entry of Default Judgment as to Defendant Ted Earl" [Doc. 144].[2] No response was filed and the deadline for filing a response has elapsed. Plaintiffs request that the Court enter a default judgment against Defendant Ted Earl

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1)(C), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed. *See, e.g*, Wirsching v. Colorado, 360 F.3d 1191, 1197 (10th Cir. 2004) and United States v. One Parcel of Real Prop., 73 F.3d 1057, 1060 (10th Cir. 1996) ("firm waiver" rule followed in Tenth Circuit holds that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review).

[2] The originally assigned District Judge referred Plaintiff's motion for default judgment as to Defendant Earl to the undersigned Magistrate Judge. [Doc. 145].

("Earl") as a result of his failure to timely respond to the Complaint. Also before the Court is "Plaintiffs' Motion for Default Judgment Damages Against Defendant Ted Earl." [Doc. 147].

A review of the Court docket indicates that the law firm of Freedman, Boyd, Hollander, Goldberg, Ives & Duncan, PA accepted service on behalf of Earl on January 25, 2011. Earl's attorneys filed three separate motions to dismiss, which were granting in part and denied in part by Judge Herrera on July 29, 2011 [Doc. 59]. Earl's attorneys subsequently filed a Motion to Withdraw [Doc. 61] and Judge Schneider, through a text only Order, granted the motion [Doc. 74]. Earl failed to appear at an October 23, 2012 settlement conference [Doc. 131]. A motion for sanctions was filed [Doc. 132] and granted by Judge Schneider [Doc. 134]. Earl has been out of communication since that time, and all mail sent to him by the Court has been returned as undeliverable. Plaintiffs filed a "Motion for Show Cause Hearing and Default Judgment as to Defendant Earl" in April 15, 2013 [Doc. 141], and the Court entered an Order to Show Cause on April 18, 2013 [Doc. 142], which was returned as undelivered.

The fact that Earl failed to respond to the does not mean that Plaintiffs are entitled to the full measure of damages sought. Even a defaulting defendant is entitled to be heard on the issue of damages. *See* Fed. R. Civ. P. 55(b)(2)(B) (court may conduct hearing it needs to determine the amount of damages after entry of default judgment); Venable v. Haislip, 721 F.2d 297, 300 (10th Cir.1983) (holding that "a court may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation"); Gallegos v. Franklin, 89 N.M. 118**,** 123 (Ct. App. 1997) (entry of a default judgment against a defendant is not considered an admission by defendant of the amount of unliquidated damages claimed by plaintiff) Accordingly, even though Earl defaulted on the issue of liability as a result of his failure to respond, Plaintiffs must still prove damages attributable to Earl's conduct.

As the damages being sought in this case are against multiple Defendants and the liability as to those Defendants is not yet clear, the Court declines to issue a damage award by default. Instead, when Plaintiffs present their case to the fact finder, they are free to present their case on damages related to Earl's acts or omissions. Should the fact finder determine that some or all of the remaining Defendants are liable to Plaintiffs, the fact finder can then allocate the appropriate measure of damages among the liable Defendants, including Earl.

## **Recommendation**

Accordingly, the Magistrate Judge recommends the entry of default judgment against Earl, but a reservation of damages until the time of trial.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge