IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAN CRISTOBAL ACADEMY, INC.,
and DAVID C. JOHNSON,

        Plaintiffs,
vs.                                              CIVIL NO.   10-1152 KG/LFG

TRANSITIONAL LIVING CORPORATION,
TED EARL, JIM HANLEY and STEPHEN
COLE,

        Defendants.

TRANSITIONAL LIVING CORPORATION,
JIM HANLEY and STEPHEN COLE,

        Counter Claimants,
vs.

DAVID C. JOHNSON and SAN CRISTOBAL
ACADEMY, INC.,

        Counter Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE's**
**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the Magistrate Judge's Report and Recommendation, filed August 20, 2013, proposing to grant Plaintiffs' Motion for Entry of Default Judgment as to Defendant Ted Earl ("Earl") [Doc. 144] and deny issuing a damage award by default [Doc. 147].[1] [Doc. 150.] Earl failed to file objections to the Report and

---

[1] When District Judge Herrera entered an Order of Reference [Doc. 145] on Plaintiff's Motion for Entry of Default Judgment as to Earl [Doc. 144], Plaintiffs had not yet filed their Motion for Default Judgment as to Damages against Earl [Doc. 147.] The two motions are interrelated and overlapping.   The

Recommendation, and the time for doing so expired on September 6, 2013.

In the Report and Recommendation, the Magistrate Judge summarized the procedural history.  Plaintiffs moved for entry of default judgment, and Earl failed to file a response in opposition.  Plaintiffs's motion noted that Earl's earlier attorneys withdrew [Doc. 74], and that Earl failed to appear at an October 23, 2012 settlement conference [Doc. 131.]   Magistrate Judge Schneider granted a motion for sanctions against Earl [Doc. Nos. 132, 134], but all mail sent to Earl by the Court has been returned as undeliverable. [Doc. 150, at 2.] In addition, Plaintiffs filed a motion for show cause hearing [Doc. 141], and the Court entered an Order to Show Cause on April 18, 2013 [Doc. 142].  Again the Order was returned to the Court marked undeliverable. [Doc. Nos. 142, 149.]

Based on Earl's failure to respond to motion practice and the Court's Orders, the Magistrate Judge recommended that default judgment be entered against Earl, with a reservation of damages until the trial.   As noted, Earl did not object to the Report and Recommendation.

IT IS THEREFORE ORDERED that the Court adopts the Magistrate Judge's Report and Recommendation [Doc. 150], proposing to enter default judgment against Defendant Ted Earl;

IT IS FURTHER ORDERED that Plaintiffs' motion for entry of default judgment as to Earl [Doc. 144] is granted, with the result that default judgment is entered against Defendant Ted Earl as to claims asserted against him by Plaintiffs; and that Plaintiffs' motion for default

---

first seeks entry of Default Judgment against Earl, and the second seeks a sum certain award of damages against Earl as a result of the default.   The first Motion [Doc. 144], while not requesting a sum certain be awarded against Earl, also requests a hearing to determine an award of reasonable damages against Earl.  The undersigned District Judge adopts the Magistrate Judge's recommendations as to both motions [Doc. Nos. 144 and 147.]

judgment as to damages against Earl [Doc. 147] is denied because the Court declines to issue a damage award by default.

_____
UNITED STATES DISTRICT COURT